UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: BUILDING MATERIALS CORPORATION
OF AMERICA ASPHALT ROOFING SHINGLE
PRODUCTS LIABILITY LITIGATION                                    MDL No. 2283


TRANSFER ORDER


**Before the Panel:**[*]   Pursuant to 28 U.S.C. § 1407, lone defendant Building Materials Corporation of America d/b/a GAF Materials Corp. (GAF) moves for coordinated or consolidated pretrial proceedings of five actions pending in four districts as listed on Schedule A.[1]  Defendant seeks centralization in the District of South Carolina or, in the alternative, the District of New Jersey.  To the extent the Panel is not inclined to include the District of South Carolina action in centralized proceedings, GAF submits that the remaining actions should still be centralized in the District of South Carolina.

Plaintiffs in all actions and potential tag-along actions support centralization in the District of South Carolina.  Plaintiffs in the District of Minnesota and the Eastern District of Virginia actions initially supported centralization in the District of New Jersey but now support centralization in the District of South Carolina as well.

After considering all argument of counsel, we find that these actions involve common questions of fact, and that centralization in the District of South Carolina will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  All actions involve common factual questions arising from Timberline roofing shingles manufactured and marketed by GAF.  Plaintiffs in these actions allege that the shingles fail prematurely due to defects inherent in the shingles.  Plaintiffs further allege that GAF knew or should have known of the purported defects.

---

[*]   Judge W. Royal Furgeson, Jr., did not participate in the decision of this matter.

[1]   GAF initially moved for centralization of three actions, but submitted an amended schedule of actions with its reply that included the two District of New Jersey actions.  Because all parties to the two District of New Jersey actions have weighed in on the question of centralization, these actions have been included in this order.

-2-

Centralization under Section 1407 will eliminate duplicative discovery and prevent inconsistent pretrial rulings, particularly with respect to class certification. Centralization is also consistent with the Panel's decisions ordering centralization of actions relating to allegedly defective roofing shingles of other manufacturers. *See In re IKO Roofing Shingle Prods. Liab. Litig.*, 659 F. Supp. 2d 1364 (J.P.M.L. 2009) (ordering centralization of four actions that involved common questions of fact relating to allegedly defective roofing shingles); *In re CertainTeed Corp. Roofing Shingle Prods. Liab. Litig.*, 474 F. Supp. 2d 1357 (J.P.M.L. 2007) (ordering centralization of eight actions that involved common questions of fact relating to allegedly defective roofing shingles).

We are persuaded that the District of South Carolina is an appropriate transferee forum for this litigation. All parties, including common defendant GAF, now support centralization in the District of South Carolina, where the first-filed and most procedurally advanced action is pending, following its removal from state court earlier this year. Also, discovery necessary to the actions pending outside the District of South Carolina likely already has been conducted in the District of South Carolina action, during its pendency in state court.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of South Carolina are transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable J. Michelle Childs for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | Frank C. Damrell, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Marjorie O. Rendell | |

IN RE: BUILDING MATERIALS CORPORATION
OF AMERICA ASPHALT ROOFING SHINGLE
PRODUCTS LIABILITY LITIGATION                                   MDL No. 2283

## SCHEDULE A

<u>District of Minnesota</u>

Diane Haner v. Building Materials Corporation of America, C.A. No. 0:11-01443

<u>District of New Jersey</u>

Angela Posey v. Building Materials Corporation of America, C.A. No. 2:11-04540
James Morocco v. Building Materials Corporation of America, C.A. No. 2:11-04578

<u>District of South Carolina</u>

Jack Brooks, et al. v. GAF Materials Corporation, C.A. No. 8:11-00983

<u>Eastern District of Virginia</u>

Sybil McDaniel v. Building Materials Corporation of America, C.A. No. 2:11-00352